IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARY L. ROSS                                                                                       PLAINTIFF

vs.                                         Civil No. 4:08-cv-04057

MICHAEL J. ASTRUE                                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

**BEFORE** the Court is Plaintiff's Voluntary Motion to Dismiss. (Doc. No. 7).[1] The Defendant has not responded to this Motion, but according to Plaintiff's Certificate of Conference, Defendant does not object to this Motion. (Doc. No. 7). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4). The Court, having reviewed the motion, finds Plaintiff's Voluntary Motion To Dismiss should be **GRANTED**.

**Background:**

Plaintiff filed her Complaint pursuant to 42 U.S.C. § 405(g), seeking judicial review of the of the final decision of Defendant, the Commissioner of Social Security (Commissioner), denying her claim for Social Security Income benefits. (Doc. No. 1). Plaintiff states in her Voluntary Motion to Dismiss, that in addition to filing her complaint in this matter, Plaintiff filed a subsequent application for social security benefits which has now been approved by an Administrative Law Judge. (Doc. No. 7). As a result of this finding, Plaintiff seeks a voluntary dismissal of this pending

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

action without prejudice.

**Discussion:**

A case is moot when it is "impossible for the court to grant any effectual relief whatever." *See Deerbrook Pavilion, LLC v. Shalala*, 235 F.3d 1100, 1103 (8th Cir. 2000), citing *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (internal quotation omitted). Dismissal is appropriate as there is no longer an issue under controversy. *See Carr v. Saucier*, 582 F.2d 14, 15-16 (5th Cir. 1978) (per curiam). As a result of a favorable disability finding, Plaintiff no longer has an interest in the matter, this matter should be dismissed.

**Conclusion:**

Based on the foregoing, the undersigned finds Plaintiff's Voluntary Motion to Dismiss (Doc. No. 7) should be **GRANTED**. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **21st day of October, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE